

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00510-CR

Ronnie Ray **BROOKS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2005CR7426
The Honorable Sharon S. MacRae, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  October 21, 2015

DISMISSED FOR WANT OF JURISDICTION

In 2005, in trial court number 2005-CR-7426, appellant entered into a plea bargain with the State, pursuant to which he pleaded guilty or nolo contendere to the offense of sexual assault. *Brooks v. State*, No. 04-05-00778-CR, 2006 WL 47282, at *1 (Tex. App.—San Antonio Jan. 11, 2006, no pet.). The trial court sentenced appellant to eight years' confinement and imposed a $1,200.00 fine in accordance with the plea agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2); *Brooks*, 2006 WL 47282, at *1. Appellant timely filed a notice of appeal, and thereafter, the trial

court clerk filed the clerk's record, which included the trial court's rule 25.2(a)(2) certification and the written plea bargain agreement. *See* TEX. R. APP. P. 25.2(d); *Brooks*, 2006 WL 47282, at *1. Because this court is required to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record," we rendered an order advising appellant that his appeal would be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Brooks*, 2006 WL 47282, at *1. No amended certificate was filed. Accordingly, we dismissed the appeal. *See* TEX. R. APP. P. 25.2(d), 37.1; *Brooks*, 2006 WL 47282, at *1. Our mandate issued on March 27, 2006.[1]

Despite the foregoing, in 2012 and 2014, in the same trial court number, appellant filed a number of pro se motions, none of which it appears were ever ruled upon by the trial court. Then, in April 2015 and August 2015, again in the same trial court number, appellant filed two pro se notices of appeal. However, appellant failed to state in either notice what order or judgment he was attempting to appeal. Nevertheless, based on an affidavit of indigency, the trial court appointed attorney Michael Raign to represent appellant with regard to these "appeals."

As noted above, our mandate in trial court number 2005-CR-7426 (appellate number 04-05-00778-CR) issued on March 27, 2006. Accordingly, it appeared from the record before us that we lack jurisdiction over this attempted second appeal from the same judgment. *See* TEX. R. APP. P. 19.1 (appellate court cannot vacate or modify judgment after plenary power has expired); *Minnfee v. Proyor*, No. 01-12-00943-CV, 2013 WL 709254, at *1 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("Appellant is not entitled to a second appeal from the trial court's judgment

---

[1] A mandate issued by the appellate court is a formal command requiring the lower court to comply with the appellate court's judgment. *Tex. Parks & Wildlife Dept. v. Dearing*, 240 S.W.3d 330, 347 (Tex. App.—Austin 2007, pet. denied). In other words, the mandate is the means of enforcing the appellate court's judgment. *Saudi v. Brieven*, 176 S.W.3d 108, 117 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

dismissing the case."). We therefore ordered appellant to file a written response in this court showing cause why we should not dismiss this appeal for want of jurisdiction. We advised appellant that if he failed to satisfactorily respond, the appeal would be dismissed. Appellant has not filed a response establishing this court's jurisdiction.

Because appellant is attempting a second appeal from a judgment from which he has already appealed and in which mandate issued, we lack jurisdiction to entertain this appeal. *See* TEX. R. APP. P. 19.1. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

Do Not Publish